IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL STEVENSON

    Petitioner,               No. 1:07-CV-00515 ALA (HC )

    vs.

JAMES A. YATES, Warden,

    Respondent.             ORDER

_____/

    Petitioner is a state prisoner proceeding *pro se* with an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). Before this Court are Petitioner's application for a writ of habeas corpus (Doc. 1), Respondent's Answer (Doc. 15), and Petitioner's Traverse (Doc. 19). For the reasons discussed below, Petitioner's application will be denied.

I

A

    On June 6, 2003, a Fresno County Superior Court jury convicted Petitioner of second degree murder while armed with a firearm, in violation of California Penal Code §§ 187(a), 189, and 12022(a)(1), for aiding and abetting John Shepheard in the murder of Kelly Reaves. The court sentenced Petitioner to an indeterminate term of sixteen-years to life.

B

Petitioner filed a direct appeal of the judgment and conviction before the California Court of Appeal, Fifth Appellate District. In its decision affirming the judgment, the Court of Appeal summarized the relevant facts as follows:[1]

> Kelly Reaves was playing basketball outside his home when his cousin Burnest Williams drove up and said, "Man, these dudes fixin' to jump me." Earlier, as Williams waited at a stop sign on his way to Reaves's house, John Shepheard had thrown a rock from Stevenson's truck. Once Stevenson arrived at Reaves's house, Shepheard and Williams "ran to each other like it was like a dog fight, just attacked each other, started fighting." The fight was over "some girl." Shepheard and Williams fought for 10 or 15 minutes.
>
> Stevenson walked toward the two combatants after Williams pinned Shepheard to a fence. Reaves confronted him: "Hey, what are you doin' man?" Stevenson pointed a gun at his face. Shepheard pulled his arm down and said, "We're gonna just do it like this, man, head up, fist to fist, you know. We gonna fight. Ain't no need for the gun." Shepheard and Williams started to fight again. Reaves swung at Stevenson but missed him.
>
> Shepheard took a gun out of his pocket and fired shots into the air, startling everyone. He said, "Nobody gonna jump on nobody here," and got into Stevenson's truck. Stevenson got behind the wheel, drove across the street and over the curb, and knocked Reaves and Williams to the ground with his truck. Reaves got up and fled to safety on foot, but Shepheard reached out the passenger window and fired 11 shots into Williams's body. He died of multiple gunshot wounds to the lung, liver, and kidney.
>
> A jury found Stevenson guilty of, inter alia, second degree murder while armed with a firearm. (§§ 187, subd. (a), 189, 12022, subd. (a)(1).) The court imposed an aggregate 16-to-life sentence-a 15-to-life term for the second degree murder and a consecutive 1-year term for the firearm enhancement-and imposed an additional restitution fine and an additional parole revocation restitution fine in the amount of $1,000 each. (§§ 190, subd. (a), 1202.4, subd. (b), 1202.45, 12022, subd. (a)(1).)

*Stevenson*, 2005 WL 845856 at *1.

---

[1] The facts are taken from the unpublished opinion of the California Court of Appeal, Fifth Appellate District. *People v. Stevenson*, No. F043196 2005 WL 845856 at *1-2 (Cal. Ct. App. Apr. 13, 2005); Lod. Doc. 6. The factual findings of the Appellate Court are presumed correct, as Petitioner has raised no challenge to their accuracy. 28 U.S.C. § 2254(e)(1).

### C

On April 13, 2005, the California Court of Appeal affirmed Petitioner's conviction and sentence. On May 3, 2005, Petitioner sought review by the California Supreme Court. The petition for review was summarily denied on June 22, 2005.

### D

On July 27, 2005, Petitioner filed an application for writ of habeas corpus in this Court. On March 16, 2006, this Court adopted the findings and recommendations of the Magistrate Judge granting Petitioner's motion to withdraw his petition and dismissed the petition without prejudice.

### E

On May 15, 2006, Petitioner filed a petition for a writ of habeas corpus with the Fresno County Superior Court. On May 22, 2006, the Superior Court denied the petition for a writ of habeas corpus on the merits.

### F

On June 14, 2006, Petitioner filed a petition for a writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. On August 3, 2006, the California Court of Appeal summarily denied the petition for a writ of habeas corpus.

### G

On August 31, 2006, Petitioner filed a petition for a writ of habeas corpus with the California Supreme Court. On March 21, 2007, the California Supreme Court summarily denied the petition for a writ of habeas corpus.

### H

Petitioner timely filed the instant application for a writ of habeas corpus pursuant to § 2254(a) on April 2, 2007.

### II

Petitioner has set forth four federal constitutional claims in his application for a writ of habeas corpus.[2]  In his answer, Respondent has admitted that Petitioner exhausted his federal constitutional claims before the California Supreme Court.

Congress has limited the power of a federal court to grant habeas corpus relief in § 2254(d).  It provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Pursuant to § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing and quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief  if the state court identified the correct governing legal principle from Supreme Court precedent, but unreasonably applied that principle to the facts of the case at bar. *Williams*, 529 U.S. at 413.  A federal habeas court, however, "may not issue the writ simply

---

[2] Petitioner raised five claims in the instant application. (Doc. 1.)  The fifth claim, however, that there is insufficient evidence to support Petitioner's conviction in violation of the Fourteenth Amendment, is redundant to the first claim and does not require independent analysis.

4

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

A federal court must evaluate a claim pursuant to § 2254 by evaluating the last reasoned state court decision. *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the Superior Court's order denying Petitioner habeas relief is the last reasoned opinion addressing the ineffective assistance of counsel claim raised by Petitioner in the instant application.[3] Therefore, this Court must evaluate the Superior's Court's decision as to Petitioner's ineffective assistance of counsel claim.

The remainder of the claims raised by Petitioner in the instant application were summarily denied by the Superior Court, which relied entirely on the reasoning of the California Court of Appeal, Fifth Appellate District, having concluded that "many of the issues raised [in the petition for habeas relief to the Superior Court] overlap matters considered as part of [P]etitioner's unsuccessful [direct] appeal." (Lod. Doc. 10 at 2.) Accordingly, this Court "must look" through the state courts' orders summarily denying Petitioner's requests for habeas relief, to the Court of Appeal's decision on direct appeal to evaluate the remaining claims raised by Petitioner in the instant application . *Ylst,* 501 U.S. at 803.

A

Petitioner contends that the evidence was insufficient to support a conviction for murder under a theory of aiding and abetting.[4] Specifically, Petitioner argues that murder is not a natural

---

[3]The California Court of Appeal and the California Supreme Court summarily denied Petitioner's petitions for a writ of habeas corpus.

[4]In addition to claiming insufficient evidence, Petitioner claims that the jury "instructions were insufficient to support a verdict of murder based on aiding and abetting." (Doc. 1 at 5.)

5

and probable consequence of the exhibition of a firearm.

In reviewing challenges to the sufficiency of the evidence, a federal habeas court must determine whether the state court unreasonably applied the "rational factfinder" standard established in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990). This standard requires a determination of "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lewis,* 443 U.S. at 319 (emphasis in original). When there are conflicting inferences a federal court "must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Id.* at 326.

The last court to render a reasoned decision on this issue was the California Court of Appeal, Fifth Appellate District. The California Court of Appeal held that Petitioner's claim,

> [that] [e]xhibition of a firearm does not contemplate pointing the firearm at anyone or firing it or shooting anyone," . . . turn[s] a blind eye to the indisputable evidence that Shepheard brawled with Williams, walked around with a gun in his pocket, and fired shots scaring everyone before he finally shot and killed Williams.

*Stevenson*, 2005 WL 845856 at *2. The Court of Appeal limited its role to "determining whether, on the entire record, viewing the evidence in the light most favorable to the prosecution and presuming in support of the judgment every fact reasonably inferable from the evidence, a rational trier of fact could find the accused guilty beyond a reasonable doubt." *Id.* The California Court of Appeal determined there was sufficient credible evidence to support a finding, by a rational jury, that Petitioner was guilty beyond a reasonable doubt. *Id.* The holding of the California Court of Appeal was neither "contrary to, [nor] involved an unreasonable application

---

However, Petitioner has failed to allege any specific facts in support of this allegation. Accordingly, this claim will not be addressed. *C.f. Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (Summary dismissal of a claim in a habeas petition is appropriate where the allegations in the petition are vague, conclusory, or palpably incredible. (citing *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (internal quotations omitted))).

of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *see Jackson* 443 U.S. at 318-19. Accordingly, Petitioner is not entitled to habeas relief on this ground.

B

Petitioner claims that he was denied due process by the prosecution's failure to disclose an audio tape until after trial. The tapes contained statements made by a key prosecution witness to police officers. Petitioner claims the audio tape included

> [a] discussion about Reaves possibly going to jail after the interview on an outstanding warrant, about negative references to Williams's character and propensity for violence, about different stories Reaves told about "the handling of the gun" Stevenson pointed at him, and about Reaves identifying some of the people at the crime scene as his cousins.

*Stevenson*, 2005 WL 845856 at *3.

The prosecution's failure to uphold its "affirmative duty to disclose evidence favorable to a defendant . . . violates due process [when] the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (internal citations omitted). "The question [of materiality] is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* at 434 (internal citations omitted). To establish that evidence is material, a petitioner must "show[] that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 435 (internal citations omitted).

The California Court of Appeal concluded that Petitioner failed to established the materiality of the withheld audio tape. The Court of Appeal explained that after Petitioner's counsel was informed of the additional evidence, Petitioner's counsel filed a motion for a new

7

trial. (Clerk's Tr. on Appeal vol. 2, Appellant's Notice of Mot. for New Trial.)

> Before hearing the motion, the [trial] court read the detective's report, a transcript of his trial testimony, and a transcript of the interview. The court made findings that the detective "was attempting to summarize as best he could" Reaves's statements during the interview, that "[t]here are so many inaudibles in this transcript because the person taking it down couldn't understand what [he] was saying," and that "to the extent that there is something on the audio that's not directly in the report . . . one could have difficulty even interpreting what's in the transcript of the audio." The court found "half of the tape" was "gibberish" since Reaves "talks in jabs and punches, and stops and talks and, you know, he's everywhere." The court noted that by acquitting Stevenson of assaulting Reaves with a firearm "the jury had substantial problems" with Reaves's credibility. Finding nothing "substantially different" between the posttrial discovery and the evidence available at trial, the court denied the motion.

*Stevenson*, 2005 WL 845856 at *3.

The California Court of Appeal reasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States" in *Kyles*. 28 U.S.C. § 2254(d)(1). The state court adjudication did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* Accordingly, Petitioner is not entitled to habeas relief on this ground.

C

Petitioner contends that he received ineffective assistance of counsel at the guilt phase of his trial in violation of his "fifth and fourteenth and sixth" amendment rights. Specifically, Petitioner claims his trial counsel failed to: (1) prepare the case for trial and failed to present any kind of defense; (2) interview alibi witnesses to corroborate Petitioner's testimony despite Petitioner having supplied all alibi witness's names and addresses to counsel; (3) investigate Petitioner's alibi defense and the crime scene and failed to interview alibi witnesses including Reaves and Shepheard; (4) object to critical key issues affecting Petitioner's trial; (5) object to the coaching of Wiggins on the witness stand from the audience; (6) object to various jury

instructions; (7) secure an Ebonics expert to examine an audiotape and determine what Reaves said in his interview with police; and (8) object at sentencing to restitution fines. (Petr.'s pet. at 3, amended petition at 2.)

Petitioner's entitlement to habeas relief on this ground "turns on showing that the state court's resolution of his claim of ineffective assistance of counsel" under *Strickland v. Washington*, 466 U.S. 668 (1984), "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting 28 U.S.C. § 2254(d)(1)). "Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice." *Id.* "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (citation omitted).

The Superior Court's denial of Petitioner's petitioner for a writ of habeas corpus is the last reasoned opinion on this claim. Accordingly, in assessing Petitioner's entitlement to habeas relief on this ground, the Superior Court's opinion will be reviewed. *Ylst*, 501 U.S. 803. The Superior Court held that

> [w]hile [P]etitioner has made many allegations, they are not supported by the record. For example, [P]etitioner claims that counsel failed to examine alibi witnesses, but the only declarations that he has provided in support come from himself, his codefendant, and Jovonti Jones. There is no new evidence establishing an alibi or undermining the prosecution's case. Petitioner further contends that counsel failed to raise specific objections, but the record does not establish prejudicial conduct in this regard. In fact, [P]etitioner has attached and highlighted limited portions of only a few pages from transcripts that, based on the page numbers, may have exceeded 2,000 pages. He also claims that an "Ebonics (Black Language) expert" should have been called to determine what was being said on a tape, but the trial court noted that much of the problem revolved around the quality of the tape itself.

(Lod. Doc. 10 at 2.)

The Superior Court correctly explained that Petitioner failed to show prejudice because he did not establish that, but for his trial counsel's allegedly unreasonable performance, there was a reasonable probability that the outcome of the case would have been different. *Smith*, 539 U.S. at 534. After reviewing the Superior Court's basis for rejecting Petitioner's ineffective assistance of counsel claims, this Court finds that Petitioner has not established that the Superior Court's decision was based on an erroneous application of *Strickland*, or other clearly established federal law as determined by the United States Supreme Court, or that the decision was objectively unreasonable. Accordingly, Petitioner is not entitled to habeas relief on this ground.

## D

Petitioner claims that he received ineffective assistance of appellate counsel in violation of his "fifth and fourteenth and sixth" amendment rights. Specifically, Petitioner contends that his appellate counsel failed to raise the ineffective assistance of trial counsel on appeal.

Entitlement to habeas relief on this ground rests on a showing that the state court's decision was contrary to or involved an unreasonable application of *Strickland*. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (internal citation omitted) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland*"). Therefore, Petitioner must establish "deficient performance by [appellate] counsel resulting in prejudice." *Rompilla*, 545 U.S. at 380. Appellate counsel does not have to raise every nonfrivolous issue requested by a petitioner. *Jones v. Barnes*, 463 U.S. 745, 751-54, (1983).

As discussed *ante,* the Superior Court found, and this Court agrees, that Petitioner's claims of ineffective assistance of trial counsel were without merit. Because Petitioner failed to establish that his trial counsel was ineffective, he cannot establish that he was prejudiced by his appellate counsel's failure to raise ineffective assistance of trial counsel on appeal. Accordingly, Petitioner's claim must fail.

Conclusion

For the reasons set forth above, the decisions of the Fresno County Superior Court and the California Court of Appeal denying Petitioner relief were not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," and did not result in "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Accordingly, IT IS HEREBY ORDERED that Petitioner's application for habeas corpus relief is DENIED.  The clerk is DIRECTED to enter judgment and close the case.

/////

DATED: October 16, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation