IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL STEVENSON, JR.,

    Petitioner,    Case No. 1:07-00515 ALA (HC)

    vs.

JAMES A. YATES, Warden,

    Respondent.    **ORDER**

_____/

    Pending before this Court is Petitioner Darryl Stevenson's ("Petitioner") application for a certificate of appealability. (Doc. 31). Petitioner seeks to certify the following issues:

> [1] whether the district court erred in failing to grant evidentiary hearing on Petitioner's claim of being denied due process by the prosecution's failure to disclose critical impeachment evidence made by prosecution's primary witness on an audio tape interview, [and] the evidence was not disclosed until two months after trial was already over[; and] [2] whether the district court erred in failing to grant an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel as regards counsel's failure to conduct thorough pretrial investigation. Failure to interview witnesses to corroborate Petitioner's trial testimony.

(*Id*. at 2).

    "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); 28 U.S.C. § 2253. Therefore, before Petitioner can appeal this Court's judgement, a certificate of appealability must issue to provide the Ninth Circuit jurisdiction to consider this appeal.

28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must sho[w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(internal quotations omitted).

In resolving the instant issues, this Court declined to grant Petitioner's request for an evidentiary hearing. Pursuant to 28 U.S.C. § 2254(e)(2), a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). *See also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005) (holding that a "full and fair" opportunity to develop the facts are required before the denial of habeas relief); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005) ("Under AEDPA, a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault attributable to the prisoner or the prisoner's counsel.") (quotations and citations omitted). A petitioner must also "allege[] facts that, if proved, would entitle him to relief." *Schell v. Witek*, 218 F.3d 1017, 1028 (9th Cir. 2000). This Court has had the benefit of the state court record, which indicates that Petitioner had a full and fair opportunity to develop the facts at the state level. Petitioner has not demonstrated that any additional facts need to be determined to resolve the claims raised in the instant petition. Further, this Court has determined that relief as to Petitioner's claims should be denied on the merits because the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. Therefore, an evidentiary hearing is not warranted. *See Williams*, 529 U.S. at 445; *Earp*, 431 F.3d 1166.

1  Accordingly, IT IS HEREBY ORDERED that a certificate of appealability not issue as it
2 is clear that reasonable jurists would find an evidentiary hearing was unwarranted after
3 reviewing the state court record.
4 /////
5 DATED: January 6, 2009

                                        /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation